ALICE M. RIETZEL *vs.* EDWIN F. CARY.

CHARLES W. RIETZEL *vs.* SAME.

JUNE 27, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. After our opinion in these cases was filed, plaintiffs appeared before us to show cause why judgment should not be entered for the defendant in accordance with such opinion. As stated in our original opinion, since the husband's action was dependent upon that of his wife, we shall hereinafter refer only to the wife's action.

She contended, first, that the undisputed evidence was not that the accident happened after 12:30 a. m., as stated in our opinion, but "just after twelve o'clock midnight"; and, second, that the lack of a handrail on the left side of the stairway next to the wall had not been considered by us in passing on the question whether the stairway was inherently hazardous and unsafe. She further contended that since we attributed great importance to the fact that the accident happened after 12:30 a. m., the case ought to be remitted to the superior court with instructions to the trial justice to make a specific finding of fact as to whether the accident occurred before or after that hour.

After further examination of the pleadings, evidence and the rescript of the trial justice, we are of the opinion that the

plaintiff is not entitled to the benefit of her first contention. The briefs of counsel for both parties and their oral arguments at the original hearing before us clearly indicate that this case was tried solely on the theory that the defendant was under an implied obligation to keep the stairway lighted at night because of its peculiar construction, which made it inherently hazardous and unsafe. This appears to have also been the understanding of the trial justice according to the manner in which he discussed the evidence and applied the law thereto in his rescript.

The counts in plaintiff's declaration were also predicated on such a theory. If plaintiff also relied on an additional theory, namely, that the defendant was negligent in not keeping the stairway lighted until 12:30 a. m., in accordance with his agreement with his tenants, and that plaintiff was injured before that hour as a result of such negligence, it nowhere appeared in her case until she stated it on this present order to show cause.

However, assuming that it is not too late for her to claim whatever benefit might accrue to her from such a theory, it is clear that the evidence does not justify us in remitting this case to the superior court as requested by the plaintiff. The trial justice, in our opinion, inferentially found that the accident happened after 12:30 a. m. But even if he did not, we are of the opinion that the weight of the evidence is to that effect.

There is no direct evidence as to the time of the accident. Plaintiff testified it was "just after twelve o'clock" when she left her friend's apartment and found the lights out on the stairway. Approximately what time it was after twelve o'clock she did not say and she was not pressed in either direct or cross-examination for a more specific statement of the time. Defendant's superintendent testified that the lights in the common passageways of the apartment were electrically controlled by a time switch set to automatically extinguish the lights at 12:30 a. m. uniformly every day throughout the year; that he examined the switch every day

to see that it was working properly; that it was so working on the day of the accident and that it was set to extinguish the lights at 12:30 a. m. He was cross-examined by plaintiff's counsel, singularly enough not on this phase of his testimony, but only as to the construction of the stairway.

Since the undisputed testimony is that the lights were out when the accident happened to the plaintiff, and since she did not testify that the accident occurred at a definite time after twelve o'clock, the only reasonable inference, in view of the uncontradicted and unimpeached testimony of the superintendent as to the functioning of the time switch, is that the accident happened after 12:30 o'clock. For this reason, we would not be justified in remitting the case to the superior court with instructions to make a finding of fact as to the time of the happening of the accident.

Plaintiff's second contention is without merit. We did not overlook or fail to consider the evidence of the lack of a handrail on the left side of the stairway. On the contrary, we concluded from the plaintiff's own testimony, as to what she did immediately before and at the time she fell down the stairway, that the lack of a rail at that place did not have any bearing at all on the question of defendant's liability for her fall. It appeared clearly from her testimony that, even though a rail had been there, it would not have afforded her any protection from falling. For that reason, we felt there was no need for any specific discussion of this point, especially as it was implicitly disposed of in our opinion wherein we found that, from all the evidence, the stairway as constructed was not inherently unsafe or dangerous.

The plaintiff not having shown any cause to warrant different action on our part, the cases are remitted to the superior court with direction to enter judgment for the defendant in each case, in accordance with our opinion as originally filed.

*John M. Dunn*, for plaintiffs.

*Henry M. Boss*, for defendant.